ZEICHNER ELLMAN & KRAUSE LLP
David B. Chenkin
575 Lexington Avenue
New York, NY 10022
(212) 233-0400

MOORE & VAN ALLEN PLLC
Paul J. Peralta, *admitted pro hac vice*
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202-4003
704-331-1000
**Attorneys for Defendant
Bank of Utah, as Indenture Trustee**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MACQUARIE ELECTRONICS USA, INC.,

 Plaintiff,

vs.

BANK OF UTAH, as Indenture Trustee,

 Defendant.

Case No. 09 CV 5942 (RMB)

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Bank of Utah, as Indenture Trustee (the "Indenture Trustee"), by and through counsel, answers the Complaint of Plaintiff Macquarie Electronics USA, Inc. ("Macquarie") as follows:

 1. The Indenture Trustee admits that this dispute is regarding the parties' rights and obligations under a September 28, 2007 Remarketing Agreement (the "Remarketing Agreement"). The remaining allegations of Paragraph 1 are denied.

## PARTIES

2. It is admitted that Macquarie is identified as "Owner Participant" in the Qimonda Leasing Trust 2007, dated September 28, 2007. It is admitted that the Trust owns certain semi-conductor manufacturing equipment located in Richmond, Virginia (the "Equipment"). The Indenture Trustee lacks knowledge and information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 2. As a result, the remaining allegations of Paragraph 2 are denied.

3. It is admitted that the Indenture Trustee is a Utah corporation. It is further admitted that the Indenture Trustee serves as the Indenture Trustee under the Trust Indenture and Security Agreement (Qimonda Leasing Trust 2007), dated September 28, 2007 (the "Qimonda Leasing Trust") related to the Qimonda Leasing Trust and the Remarketing Agreement.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

## FACTUAL ALLEGATIONS

**Background**

6. It is admitted that Plaintiff is a provider of lease financing, equipment trading, used equipment sourcing, and remarketing services, among other things. The Indenture Trustee lacks knowledge and information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 6. As a result, the remaining allegations of Paragraph 6 are denied.

7. The Indenture Trustee lacks knowledge and information sufficient to form a basis as to the truth of the allegations of Paragraph 7. As a result, the allegations of Paragraph 7 are denied.

## The Transaction

8.  Admitted.

9.  Admitted.

10. It is admitted that the term "Loan Participants" is expressly defined in the Transaction Documents. Except as admitted, the allegations of Paragraph 10 are denied.

11. It is admitted that on or about September 28, 2007 and December 4, 2007, Qimonda Richmond, LLC ("Qimonda"), the Indenture Trustee, solely in its capacity as Indenture Trustee, and Wells Fargo, solely in its capacity as Owner Trustee, entered into certain documents, the terms of which documents speak for themselves, pursuant to which Qimonda leased certain manufacturing equipment. To the extent Paragraph 11 refers to and interprets terms and conditions of certain agreements and documents, the allegations are denied.

12. It is admitted that the terms of the Qimonda Leasing Trust grant the Indenture Trustee a first priority security interest in certain defined equipment. It is further admitted that the Equipment Lease Agreement was assigned to the Indenture Trustee. To the extent Paragraph 12 refers to and interprets terms and conditions of certain agreements and documents, the allegations are denied.

13. It is admitted that on or about September 28, 2007, Qimonda, Wells Fargo, solely in its capacity as Owner Trustee, Plaintiff, the Indenture Trustee, solely in its capacity as Indenture Trustee, and the Loan Participants entered into a certain Participation Agreement. To the extent Paragraph 13 refers to and interprets terms and conditions of certain agreements and documents, the allegations are denied.

**The Remarketing Agreement**

14. It is admitted that on or about September 28, 2007, Plaintiff and the Indenture Trustee, solely in its capacity as Indenture Trustee, entered into the Remarketing Agreement. The remaining allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are denied.

16. It is admitted that Plaintiff is required to perform remarketing as alleged but only upon commencement of the Exclusive Period.

17. The first sentence of Paragraph 17 is denied except that it is admitted that Plaintiff has the right to exclusively remarket the Equipment during the Exclusive Period as defined in the Remarketing Agreement, which has not occurred. The second sentence is admitted except that Plaintiff's remarketing rights have not yet arisen because the Exclusive Period has not been triggered.

18. The Indenture Trustee denies Plaintiff is the "exclusive agent" as alleged in the first sentence of Paragraph 18. The Indenture Trustee lacks knowledge and information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 18.

19. The Indenture Trustee denies Plaintiff enjoys any "exclusivity" as alleged in the first sentence of Paragraph 19. The Indenture Trustee lacks information or knowledge sufficient to form a belief as to the truth of the allegations of the remainder of the first two sentences of Paragraph 19. The remainder of Paragraph 19 refers to and interprets portions of terms and conditions of certain agreements and documents. As a result, the remaining allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are denied.

### Qimonda's Default and Subsequent Events

22. The allegations of Paragraph 22 are admitted.

23. The allegations of Paragraph 23 are admitted.

24. It is admitted that the U.S. Bankruptcy Court for the District of Delaware entered an order that approved Qimonda's rejection of the lease under Section 365 of the U.S. Bankruptcy Code. The remaining allegations of Paragraph 24 are denied.

25. The Indenture Trustee solely admits that Plaintiff contacted Mr. Rouse. All remaining allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

28. The Indenture Trustee solely admits Plaintiff submitted a bid to purchase certain equipment, the bid was rejected, and that Plaintiff subsequently submitted an auction proposal. All remaining allegations of Paragraph 28 are denied.

29. The Indenture Trustee solely admits that Plaintiff's auction process was rejected after due consideration, that the Indenture Trustee has solicited bids for the purchase of certain equipment pursuant to its rights as Indenture Trustee, and that Capstone is the solicitation agent for the bids. It is further admitted that Plaintiff was provided a Request for Bids. All remaining allegations of Paragraph 29 are denied.

30. The Indenture Trustee admits the first sentence of Paragraph 30. The remaining allegations of Paragraph 30 are denied.

31. The Indenture Trustee lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies Paragraph 31.

32.   The Indenture Trustee lacks knowledge and information sufficient to form a basis as to the truth of the allegations of Paragraph 32. As a result, the allegations of Paragraph 32 are denied.

33.   The allegations of Paragraph 33 are denied.

34.   The allegations of Paragraph 34 are denied.

35.   The allegations of Paragraph 35 are denied.

36.   The Indenture Trustee solely admits that Plaintiff wrote the Indenture Trustee objecting to the bid process. All remaining allegations of Paragraph 36 are denied.

37.   The allegations of Paragraph 37 are admitted.

38.   The allegations of Paragraph 38 are denied.

39.   The allegations of Paragraph 39 are denied.

40.   The allegations of Paragraph 40 are denied.

41.   The allegations of Paragraph 41 are denied.

42.   The allegations of Paragraph 42 are denied.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201 and Injunctive Relief)

43.   The Indenture Trustee incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

44.   The Indenture Trustee admits that there is a justiciable controversy between Plaintiff and the Indenture Trustee concerning the rights and obligations of the parties under the Remarketing Agreement. The remaining allegations of Paragraph 44 are denied.

45.   The allegations of Paragraph 45 are denied.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

46. The Indenture Trustee incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

47. The allegations of Paragraph 47 are denied.

48. The allegations of Paragraph 48 are denied.

49. The allegations of Paragraph 49 are denied.

## PLAINTIFF'S PRAYER FOR RELIEF

In response to the unnumbered paragraph and subparagraphs (A) – (F), inclusive, constituting Plaintiff's Prayer for Relief, the Indenture Trustee denies Plaintiff is entitled to any relief from Defendant.

## GENERAL DENIAL

Unless specifically admitted, denied, modified, or otherwise controverted herein, the Indenture Trustee denies each and every allegation of the Complaint, including unnumbered paragraphs and headings.

## SECOND DEFENSE

Plaintiff is estopped from asserting claims for relief against the Indenture Trustee because certain conditions precedent have not yet occurred as set forth in Section 7.1 of the Remarketing Agreement, including the Indenture Trustee's possession of the equipment, the Indenture Trustee's foreclosure of the Equipment, termination of the lease, or written notice of such foreclosure and repossession. Fulfillment of these conditions is required before Plaintiff would be entitled to the relief sought.

## THIRD DEFENSE

By making its own bids for the Equipment, beginning May 5, 2009 and thereafter, Plaintiff has waived any claims for relief against the Indenture Trustee.

## FOURTH DEFENSE

For the reasons stated in the Second Defense, Plaintiff's Complaint and all claims for relief therein are barred by the doctrine of laches.

## FIFTH DEFENSE

Plaintiff's Complaint and all claims for relief therein are barred by the doctrine of unclean hands because Plaintiff's effort to simultaneously buy and act as a fiduciary for the Indenture Trustee in selling the Equipment before the commencement of the bidding process is a conflict of interest.

## SIXTH DEFENSE

Plaintiff's Complaint and all claims for relief therein are barred by the doctrine of unclear hands because Plaintiff has attempted to misrepresent or otherwise devalue the Equipment to other potential bidders.

## SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief against the Indenture Trustee can be granted.

## EIGHTH DEFENSE

Plaintiff's Complaint and all claims for relief therein, including but not limited to Plaintiff's claims for damages, are barred because the relief sought therein are prohibited by the terms of the Remarketing Agreement.

## NINTH DEFENSE

The Indenture Trustee reserves the right to assert additional affirmative defenses as may be revealed during discovery and as justice requires.

**WHEREFORE**, the Indenture Trustee respectfully prays as follows:

1. Plaintiff have and recover nothing of Bank of Utah as Indenture Trustee and that the Complaint be dismissed with prejudice;

2. The cost of this action, including reasonable attorneys' fees, be taxed against Plaintiff; and

3. The Indenture Trustee be granted such other and further relief as shall be just and proper.

## COUNTERCLAIM

**COMES NOW** Defendant, Bank of Utah, as Indenture Trustee, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and files this Counterclaim against Plaintiff Macquarie Electronics USA, Inc. ("Macquarie"), and as support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The Indenture Trustee is a corporation incorporated under the laws of the State of Utah, with its headquarters in Ogden, Utah.

2. Upon information and belief, Macquarie is a Delaware corporation with its principal place of business in San Diego, California.

3. The Court has original jurisdiction under 28 U.S.C. § 1331(a) because the rights sought to be determined herein are determined and governed by the Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Venue is proper for this counterclaim in the United States District Court for the Southern District of New York pursuant to Sections 6.1 and 6.8 of the Remarketing Agreement.

## FACTS

5. Qimonda Richmond, LLC owns and operates a facility in Sandston, Virginia. Installed at this facility is certain semiconductor manufacturing equipment used in a 200 millimeter semiconductor manufacturing operation (the "Equipment").

6. On or about September 28, 2007, the Indenture Trustee and Macquarie entered into a Remarketing Agreement (the "Remarketing Agreement") regarding the Equipment.

7. The Remarketing Agreement confers certain exclusive rights to remarket the Equipment for 180 days upon the occurrence of certain prescribed events.

8. Under the terms of the Remarketing Agreement, Macquarie's exclusive right to remarket exists only during the "Exclusive Period." The 180-day period of certain exclusive rights to remarket the equipment is defined in the Remarketing Agreement as the "Exclusive Period."

9. In Section 7.1 of the Remarketing Agreement, "Exclusive Period" is defined as the following:

> **Exclusive Period** means the period of time commencing on the Commencement Date and continuing for a period of one hundred eighty (180) days after the Commencement Date; provided, however, that such Exclusive Period may be extended at the request of the Service Provider [Macquarie] and with the prior written consent of the Indentured Trustee.

10. The parties agreed, and the Remarketing Agreement provides, that the Exclusive Period could only occur after the "Commencement Date." Section 7.1 of the Remarketing Agreement provides that Commencement Date means:

> the date on which each of the following shall have occurred: an Event of Default and the Indenture Trustee shall have accelerated the Notes, completed the foreclosure on the Equipment, terminated the Lease, repossessed the Equipment and provided written notice to [Macquarie] of such foreclosure and representation.

11. None of the last four preconditions to the Commencement Date have occurred.

12. On May 20, 2009, counsel for the Indenture Trustee informed counsel for Macquarie that it was highly unlikely the Indenture Trustee would repossess the Equipment. The Indenture Trustee has not foreclosed on the Equipment. The Indenture Trustee has not terminated the lease. The Indenture Trustee has not repossessed the Equipment.

13. The Indenture Trustee has undertaken reasonable efforts to solicit bids and sell the Equipment. The Indenture Trustee's effort to solicit bids and sell the Equipment continues apace.

## FIRST CAUSE OF ACTION
### (Declaratory Relief under the Declaratory Judgment Act)

14. The Indenture Trustee incorporates by reference the allegations contained in Paragraphs 1-13.

15. The Remarketing Agreement sets forth the rights and obligations between Macquarie and the Indenture Trustee.

16. The right of Macquarie to remarket the Equipment during the Exclusive Period is expressly preconditioned on the occurrence of four events, none of which has occurred:

    (a) the Indenture Trustee has not commenced, much less completed any foreclosure of the Equipment;

    (b) the lease has not been terminated;

    (c) the Indenture Trustee has not repossessed the Equipment; and

    (d) of course, the Indenture Trustee has also not notified Macquarie of either foreclosure or repossession.

17. Thus, the Commencement Date has not occurred as provided under the express terms of the Remarketing Agreement.

18. The Indenture Trustee has acted in accordance with the terms of the Remarketing Agreement in its efforts to solicit bids and sell the Equipment.

19. A case in controversy now exists between the Indenture Trustee and Macquarie regarding the rights, obligations and authority of the Indenture Trustee to sell the Equipment, as well as Macquarie's rights and authority to do the same.

20. The Indenture Trustee seeks a declaration of its rights to market and sell the Equipment under the terms of the Remarketing Agreement. Such a declaration will ensure the Indenture Trustee does not breach its duty to Macquarie by selling the Equipment.

21. A declaratory judgment is both necessary and proper under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* to determine the rights, obligations, and liabilities that exist among and between the parties as to the marketing and sale of the Equipment.

22. Time is of the essence with respect to the sale of the Equipment. Therefore, there is no adequate remedy other than through prompt declaratory judgment by which the rights of the parties may be determined. The prompt resolution of this controversy is in the interest of the parties.

## SECOND CAUSE OF ACTION
### (Express Indemnity)

23. Counter-Plaintiff, the Indenture Trustee, repeats and re-alleges each and every allegation contained in all of the preceding paragraphs as if the same were fully set forth herein.

24. Under Section 5.1 of the Remarketing Agreement, the Indenture Trustee is an Indemnitee. As an Indemnitee, the Indenture Trustee has rights of indemnity as follows:

> **5.1.1  Indemnity**
>
> The Service Provider [Macquarie] hereby agrees to assume, and does assume, liability for, and hereby agrees to indemnify, and does hereby indemnify, and hereby agrees to protect, defend, save and keep harmless, the Indenture Trustee ... and their respective affiliates, agents, directors, officers and employees (each an

"*Indemnitee*") from and against any and all liabilities, obligations, losses, damages, penalties, settlements, claims (including Environmental Claims), actions, suits, proceedings or judgments of any kind and nature, costs, expenses (including reasonable attorneys' fees and disbursements) and disbursements of any kind and nature whatsoever which may be imposed on, incurred by or asserted against any Indemnitee in any way relating to or arising out of this Agreement or the transactions contemplated hereby or the enforcement of any of the rights, remedies or terms of any thereof (all of the foregoing, a "Claim"); provided, however, that [Macquarie] shall not be obligated to pay and shall have no indemnity liability for any Claim to the extent imposed on or against an Indemnitee to the extent such Claim is caused by the gross negligence or willful misconduct of such Indemnitee.

25. The action filed by Macquarie against the Indenture Trustee is a "Claim" as defined in Section 5.1 of the Remarketing Agreement.

26. At all times the Indenture Trustee has acted reasonably in administering the bid process for the sale of the Equipment.

27. As a direct result of the Macquarie lawsuit, the Indenture Trustee has incurred and will continue to incur attorneys' fees, costs, and disbursements.

28. Macquarie is obligated to indemnify the Indenture Trustee under Section 5.1 for its attorneys' fees and disbursements, together with any and "all liabilities, obligations, losses, damages, penalties, settlements, [and] claims of any kind and nature whatsoever."

## **DEMAND FOR JUDGMENT**

**WHEREFORE**, Bank of Utah, as Indenture Trustee, prays as follows:

1. That the Court enter a Declaratory Judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, that pursuant to the Remarketing Agreement, Bank of Utah, as Indenture Trustee, has the right to solicit bids for and sell the Equipment and that Bank of Utah, as Indenture Trustee, has not breached the Remarketing Agreement;

2. That the Court enter a Declaratory Judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* that pursuant to the Remarketing Agreement, Bank of Utah, as Indenture Trustee, has indemnity rights under Section 5.1 and that pursuant to such rights, the Court award and grant Bank of Utah, as Indenture Trustee, its attorneys' fees and disbursements together with any and all liabilities obligations, losses, damages, penalties, settlements, or claims of any kind incurred in the defense of this action; and

3. That the Court award and grant Bank of Utah, as Indenture Trustee, such other further relief as the Court deems just, proper, and equitable.

This 27th day of July, 2009.

        Respectfully submitted,

        Moore & Van Allen PLLC

        /s/ Paul J. Peralta
        Paul J. Peralta, *admitted pro hac vice*
        100 North Tryon Street
        Suite 4700
        Charlotte, North Carolina 28202-4003
        704-331-1000

        and

        David B. Chenkin
        ZEICHNER ELLMAN & KRAUSE LLP
        575 Lexington Avenue
        New York, NY 10022
        (212) 233-0400

        **ATTORNEYS FOR BANK OF UTAH, AS INDENTURE TRUSTEE**

| | |
|---|---|
| STATE OF NEW YORK, | AFFIDAVIT OF SERVICE |
| COUNTY OF NEW YORK. | BY FIRST CLASS MAIL |

      Michael W. Antonivich, being duly sworn, says: that I am over the age of eighteen years, am not a party herein, and reside in Nassau County, New York and that on the 27th day of July, 2009 I served a true copy of the within **DEFENDANT'S ANSWER AFFIRMATIVE DEFENSES AND COUNTERCLAIM AND 7.1 STATEMENT** upon the attorneys hereinafter named at the places hereinafter stated and set opposite their respective names by depositing the same, properly enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the City and State of New York, directed to said attorneys at their last known addresses given below.

Bijan Amini
Storch Amini & Munves PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017

_____
Michael W. Antonivich

Sworn to before me on this
27 day of July, 2009

_____
NOTARY PUBLIC

BARRY J. GLICKMAN
Notary Public, State of New York
No. 02GL5089188
Qualified in Westchester County
Commission Expires Dec. 8, 2009